UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 93-CR-21 |
| | ) | |
| JOHN JOSEPH SHORTER | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER**

Before the court is Defendant, John Joseph Shorter's, "Motion for Sentence Modification" filed pursuant to 18 U.S.C. §3582(c)(2). The motion seeks modification of Shorter's 360 month term of imprisonment based upon an amendment to the United States Sentencing Guidelines, specifically Amendment 591, and on the basis of *United States v. Booker*, 125 S.Ct. 738 (2005). This is the second time this motion is before the undersigned. On May 4, 2005, the court dismissed defendant's petition for lack of jurisdiction because the court deemed the motion to be a successive petition under 28 U.S.C. §2255 requiring prior approval from the Court of Appeals. On May 15, 2005, the Court of Appeals dismissed Shorter's application for permission to file a successive §2255 petition because "Shorter's proposed claim arises under §3582(c) which is not subject to the pre-approval mechanism of §2244(b)." Accordingly, Shorter refiled the present motion for sentence modification. For the following reasons, the defendant's motion will be denied.

**DISCUSSION**

On April 28, 1993, a federal grand jury returned a three count indictment charging the defendant with conspiracy to distribute cocaine base crack, 21 U.S.C. §846, conspiracy to violate the money laundering statute in violation 18 U.S.C. §371, and a substantive money laundering count.

On August 18, 1993, a jury convicted the defendant on all counts. On February 23, 1994, the defendant was sentenced to 360 months imprisonment. Shorter appealed his conviction and sentence and the Seventh Circuit affirmed. *United States v. Shorter,* 54 F.3d 1248 (7th Cir. 1995). Thereafter, Shorter continued to challenge both his convictions and sentences through postconviction filings--including first a motion under 28 U.S.C. § 2255 and then an application for permission to file a successive collateral attack--all to no avail. *Shorter v. United States*, 1997 WL 205379 (7th Cir. Mar. 14 1997)[1]. He then tried again,[2] again,[3] and once more.[4] At issue here is another attempt by Shorter to attack his sentence, this time via a motion to reduce under 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) provides that:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Shorter argues that his original sentencing range has been lowered by a retroactive,[5] 2000 amendment to the sentencing guidelines. Specifically, he contends that

---

[1] Shorter's first post-conviction try was filed on June 19, 1995 and denied on September 19, 1995. Shorter appealed this denial and on March 14, 1997, the Seventh Circuit Court of Appeals affirmed the denial.

[2] In November, 2000, Shorter filed a §2241 motion in California which was deemed to be a successive 2255 motion and transferred to this court. The undersigned subsequently dismissed the petition for lack of subject matter jurisdiction.

[3] On July 16, 2003, Shorter filed a motion pursuant to Fed.R.Civ.P. 60(b)(6) which this court denied.

[4] On August 16, 2004, Shorter filed a motion in the district court seeking leave to file a successive §2255 which this court denied for lack of jurisdiction.

[5] Amendment 591 is listed as a retroactive amendment in U.S.S.G. §1B1.10(c).

Amendment 591 bars the use of relevant conduct for the purpose of applying a cross reference that appears in the offense guideline applicable to his offenses. In opposition, the Government contends that Amendment 591 does not lower the range for Shorter's convictions and thus, the amendment does not change his sentence.

Amendment 591, effective November 2000, was designed to "emphasize that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction...." USSG Guidelines Manual, App. C, Vol. 2, p. 31. This change deviated from previous practice, which allowed an offender's actual conduct to be used in selecting the offense guideline, even if that conduct was not charged as part of the offense of conviction.[6] In practical terms, Amendment 591 requires courts to use the guidelines to determine what base offense level applies to each specific offense of conviction and then, applying USSG § 1B1.1 and Application Note 5, the court would determine the offense level based on the crime with the highest base offense level.

In this case, Shorter's sentence was calculated under §2D1.1 of the 1993 guidelines entitled "Offenses Involving Drugs." Base offense levels under guideline § 2D1.1 vary depending on drug quantity, and in this case, the court applied §2D1.1(c)(1) for a base offense level of 38 based on a drug quantity of 2.27 kilograms.[7] Given this scenario, the amendment is plainly irrelevant to Shorter

---

[6] Prior to the amendment, § 1B1.2(a) had called for selecting the offense guideline "most applicable" to the offense of conviction; application note three to § 1B1.2 had allowed consideration of relevant conduct "even when such conduct does not constitute an element of the offense"; and the index's introduction had stated that "[i]f, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted."

[7] This was the amount of crack cocaine distributed by Shorter during the scope of the drug conspiracy alleged in the indictment.

because the court selected U.S.S.G. §2D1.1 as the offense guideline, just as the court would have been required to do if Amendment 591 already had been in place.  Shorter's conspiracy conviction controlled the guideline calculations because it was his most serious offense, and conspiracy convictions are sentenced under the guideline governing the underlying substantive offense. U.S.S.G. § 2X1.1(a). In Shorter's case the underlying objects were violations of § 841(a) and the statutory index--which after Amendment 591 must be used--provides the appropriate guideline provision for the statute: § 2D1.1 for § 841(a).

Accepting this argument, Shorter nevertheless contends that §2D1.1(c)(14) [yielding a base offense level of 12]  should apply rather than §2D1.1(c)(1) [yielding a base offense level of 38] because the amendment now precludes using relevant conduct, not specifically charged in the offense of conviction, to set the base offense level.[8]  Here, Shorter confuses the term "offense guideline" with "offense level."  After Amendment 591, a sentencing court may still consider actual conduct in determining relevant conduct under U.S.S.G. § 1B1.3, but not in selecting the appropriate offense guideline under U.S.S.G. § 1B1.1(a) and U.S.S.G. § 1B1.2(a)."The plain wording of Amendment 591 applies *only* to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level." *United States v. Rivera,* 293 F.3d 584, 586 (2nd Cir. 2002). Thus, this amendment does not affect Shorter's sentence.

Finally, to the extent Shorter is arguing that his sentence should be reduced under the decision in *United States v. Booker,* the Seventh Circuit has held that *Booker* does not apply retroactively to convictions that became final before its release, and so the finality of Shorter's

---

[8]Shorter contends that "he was charged with conspiring to distribute 50 grams of more of cocaine base (crack) but [was] only found guilty of conspiring to distribute a schedule II controlled substance in the amount of zero grams."  (Docket 107 at p.3).

convictions and sentences precludes him from seeking any potential relief available. *See McReynolds v. United States,* 397 F.3d 479, 480 (7th Cir.2005).

## **CONCLUSION**

For the above reasons, Defendant's Motion for Modification of Sentence is DENIED.

So Ordered.  This 29th day of June 2005.

s/ William C. Lee
United States District Court
Northern District of Indiana
