UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOHN J. SHORTER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 1:03-CV-262 |
| | ) | (1:93:CR-21) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OF DECISION AND ORDER

Before the court are two motions for reconsideration filed by petitioner, John Shorter ("Shorter") on July 15, 2005. The first motion relates to this court's recent denial of his petition pursuant to 18 U.S.C. §3582(c)(2) dated June 29, 2005. The second relates to an order dated October 10, 2003 (docket #108) denying his request for relief under Fed.R.Civ.P. 60(b)(6) (docket #73). For the following reasons, the motions to reconsider will be DENIED.

Preliminarily, the court must address two issues raised by Shorter's latest filings. First, although on October 4, 2004, the court ordered the Clerk to provide copies of docket entries 59, 73, and 74 to Shorter (docket #82), he has indicated in his filing that he has not received those copies. A letter in the record indicates that the Clerk wrote Shorter on October 5, 2004 and indicated that he was in the process of retrieving Shorter's file from the Federal Archives in Chicago. The letter further indicated that copies of the docket entries would be provided upon receipt of the file. To date, Shorter indicates he has not received these entries. Accordingly, the CLERK is hereby ORDERED to mail Shorter a copy of the docket and docket entries 59, 73, and 74.

1

Second, it is relevant that in the course of denying Shorter's motion pursuant to 18 U.S.C. §3582(c)(2), this court noted that Shorter has filed no less than four collateral attacks on his conviction and sentence, at least one of which was adjudicated through appeal pursuant to 28 U.S.C. §2255. This means that any further attempts to utilize 28 U.S.C. §2255 requires prior authorization from the Court of Appeals.[1] *See* 28 U.S.C. §2255, ¶8. Although Shorter has been told this before, the court reiterates this basic proposition now because in his motion to reconsider this court's October 10, 2003 Order, he asserts that he is entitled to bring an ineffective assistance of counsel claim in a petition pursuant to 28 U.S.C. §2255, see *Massaro v. United States*, 538 U.S. 500, 504 (2003) (Observing that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance"), and that this court should proceed to the merits of that claim if it didn't already do so in the original order.[2]

There are two problems with this request. First, Shorter's original motion was brought pursuant to Fed.R.Civ.P. 60(b)(6) not pursuant to 28 U.S.C. §2244. Second, *Massaro* did, as Shorter knows, provide that ineffective assistance of counsel claims are preferably raised in §2255

---

[1] In pertinent part, 28 U.S.C. §2255, ¶8, provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

    i.    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    ii.    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255. Moreover, section 2244(b)(3) provides "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[2] The October 107 2003 Order is docket #73 which Shorter claims not to have presently received.

proceedings. This is nothing new; prior to *Massaro* that was the law in this circuit. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002) (holding that an ineffective-assistance claim would be premature on direct appeal and may be pursued under 28 U.S.C. § 2255). What *Massaro* did not do was extend the number of §2255 motions a prisoner could file without seeking leave from the appellate court. *Massaro* merely holds that the failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar claim from being brought "in a later, <u>*appropriate*</u> proceeding under §2255. *Massaro*, 538 U.S. at 509 (emphasis added).

Here, Shorter had one chance at a 28 U.S.C. §2255 without seeking leave from the Court of Appeals and he used it in September 1995. *Massaro* does not resurrect the availability of §2255 relief to him unless the proceeding is **appropriate**. Because Shorter has used his one time §2255 right, the proceeding will only be **appropriate** if he files a request before the Seventh Circuit to file a successive application and it is granted. Accordingly, the court shall not presently address his *Massaro* claim now.

**Motions for Reconsideration**

Turning now to the merits of the motions for reconsideration and first to the most recent order of the court, Shorter takes issue with what he believes were misinterpretations of his arguments in the §3582(c)(2) motion. For instance, he argues that he did not make a claim pursuant to *Booker v. United States*, 125 S.Ct. 738 (2005) but that this court wrongfully construed his petition to include such a claim. For this reason, he takes issue with the following statement in the Court's Order:

> Finally, to the extent Shorter is arguing that his sentence should be reduced under the decision in *United States v. Booker*, the Seventh Circuit has held that *Booker* does not apply retroactively to convictions that became final before its release, and so the finality of Shorter's convictions and sentences precludes him from seeking any

3

potential relief available. *McReynolds v. United States,* 397 F.3d 479, 480 (7th Cir. 2005).

The intent of the Court in writing this paragraph was to inform Shorter that *if* he was attempting to assert a *Booker* type of claim (the court was not certain one way or the other), that claim is foreclosed by the Seventh Circuit's decision in *McReynolds*. Thus, the court was merely bringing this issue to Shorter's attention in the event that he was attempting to raise such a claim.

Next, Shorter takes issue with the Court's interpretation of Amendment 591 to the Sentencing Guidelines and its application to his case. For instance, Shorter argues that his position was misinterpreted by the Court and that his argument is that "Amendment 591 now expressly requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than on judicial findings of actual conduct." The court, however, specifically addressed this argument in its order when it stated:

> In this case, Shorter's sentence was calculated under §2D1.1 of the 1993 guidelines entitled "Offenses Involving Drugs." Base offense levels under guideline § 2D1.1 vary depending on drug quantity, and in this case, the court applied §2D1.1(c)(1) for a base offense level of 38 based on a drug quantity of 2.27 kilograms. Given this scenario, the amendment is plainly irrelevant to Shorter because the court selected U.S.S.G. §2D1.1 as the offense guideline, just as the court would have been required to do if Amendment 591 already had been in place. Shorter's conspiracy conviction controlled the guideline calculations because it was his most serious offense, and conspiracy convictions are sentenced under the guideline governing the underlying substantive offense. U.S.S.G. § 2X1.1(a). In Shorter's case the underlying objects were violations of § 841(a) and the statutory index--which after Amendment 591 must be used--provides the appropriate guideline provision for the statute: § 2D1.1 for § 841(a).
>
> Accepting this argument, Shorter nevertheless contends that §2D1.1(c)(14) [yielding a base offense level of 12] should apply rather than §2D1.1(c)(1) [yielding a base offense level of 38] because the amendment now precludes using relevant conduct, not specifically charged in the offense of conviction, to set the base offense level. Here, Shorter confuses the term "offense guideline" with "offense level." After Amendment 591, a sentencing court may still consider actual conduct in determining relevant conduct under U.S.S.G. § 1B1.3, but not in selecting the

4

>appropriate offense guideline under U.S.S.G. § 1B1.1(a) and U.S.S.G. § 1B1.2(a)."The plain wording of Amendment 591 applies *only* to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level." *United States v. Rivera,* 293 F.3d 584, 586 (2nd Cir. 2002).  Thus, this amendment does not affect Shorter's sentence.

Order dated June 29, 2005 at pp. 3-4 (internal footnotes omitted).Shorter now argues that the court did not properly define his "offense of conviction" for purposes of using the amendment. He states throughout both his original motion and the motion to reconsider that he was convicted of a violation of 21 U.S.C. §846 (conspiracy) not 21 U.S.C. §841(a). This is true but the actual charge under §846 is conspiracy to possess with intent to distribute in violation of §841(a).[3] As explained above, conspiracy convictions are sentenced under U.S.S.G. § 2X1.1 which covers attempt, solicitation, or conspiracy. That guideline, in turn, contains a cross-reference providing that if an attempt, solicitation, or conspiracy is expressly covered by another guideline, the latter guideline should be applied according to its terms. U.S.S.G. § 2X1.1(c). Section 2D1.1(a)(2) provides the applicable offense level for conspiracy to possess with intent to distribute, the charge of conviction and thus, the court was correct to sentence Shorter in the manner it did. Amendment 591 does not change this outcome. Accordingly, Shorter's motion to reconsider this court's June 29, 2005 Order is DENIED.

Finally, the court turns to Shorter's motion to reconsider his prior Rule 60(b)(6) motion. The court dismissed that motion because the court concluded it was not brought within a "reasonable time." Shorter has not received a copy of this court's order to see the analysis set forth therein and, as noted above, if Shorter is attempting to assert an ineffective assistance of counsel claim pursuant

---

[3]Shorter should also be aware that his statute of conviction, 21 U.S.C. §846, specifically states that "any person who attempts or conspires to commit any [drug offense] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Thus, the guidelines correctly reflect this understanding by holding him accountable for the criminal offense that was the object of the conspiracy.

5

to *Massaro* he must first apply to the Court of Appeals for permission to file a successive §2255 since such a claim should be raised via that procedural vehicle. Shorter's Motion to Reconsider docket #73 is DENIED.

## CONCLUSION

Based on the foregoing, Shorter's Motions to Reconsider are DENIED. The CLERK is hereby ORDERED to provide copies of the docket and docket entries 59, 73 and 74 to Shorter. SO ORDERED.

This 8th day of August 2005

s/ William C. Lee
United States District Judge
Northern District of Indiana
