UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOHN JOSEPH SHORTER | ) | |
| | ) | |
| v. | ) | Case No. 01:93-CR-21 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM OF DECISION AND ORDER

Presently before the court is Petitioner John Joseph Shorter's ("Shorter's") "Motion to Proceed In Forma Pauperis" on appeal. Shorter is appealing this court's June 29, 2005 Order denying his Motion for Modification of Sentence and the August 8, 2005 Order denying his Motion to Reconsider the June 29, 2005 Order.

As a threshold matter, an appeal may not be taken *in forma pauperis* if the court determines that the appeal is not in good faith. 28 U.S.C. § 1915(a)(3).   To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit. *Walker v. O'Brien,* 216 F.3d 626, 632 (7th Cir.2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir.2000).

In his Motion for Modification, Shorter claimed that his original sentencing range had been lowered by a retroactive,[1] 2000 amendment to the sentencing guidelines. However, as the court pointed out, the amendment Shorter relied upon did not alter the calculation of his sentence. Indeed, even if the court had the benefit of the amendment Shorter relied upon when it originally sentenced him, his sentence would have remained the same. Thus, no reasonable person could suppose Shorter's petition to have merit. Accordingly, the court concludes that Shorter's appeal is not taken

---

[1] Amendment 591 is listed as a retroactive amendment in U.S.S.G. §1B1.10(c).

in good faith. Shorter's request to proceed IFP on appeal is DENIED.

## **CONCLUSION**

      Shorter's Motion to Proceed IFP on Appeal is DENIED.

SO ORDERED.

This 28th day of September, 2005.

s/ William C. Lee
United States District Court
Northern District of Indiana
