**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | Case No.: 1:93-CR-21 |
| | ) | |
| **JOHN JOSEPH SHORTER** | ) | |

**OPINION AND ORDER**

This matter is before the Court for resolution of a Motion for Sentence Modification Pursuant to 18 U.S.C. § 3582(c)(2) filed on April 29, 2011, by petitioner John Joseph Shorter ("Shorter") (docket at 183). The Court hereby directs the United States of America ("the government") to file a supplemental response brief in this case within 30 days of the date of this Order. Shorter may then, should he deem it necessary, file a supplemental reply brief within 30 days of his receipt of the government's brief. Also before the court is petitioner's Motion to Hold Petition in Abeyance, which was filed on May 23, 2011 (docket at 185). This motion is hereby DENIED as moot. Finally, Shorter filed, on July 1, 2011, a pleading titled "Judicial Notice and Request for Re-Sentencing Instanter" (docket at 186).[1] The Court construes this pleading as a motion for immediate resentencing, and it is DENIED. The Court will rule on petitioner's motion for sentence reduction at the appropriate time after the additional briefing is concluded.

**DISCUSSION**

In 1993 Shorter was sentenced in this Court to a term of imprisonment of 360 months following his conviction for violations of 21 U.S.C. § 846 (conspiracy to distribute cocaine base

---

[1] The government did not file responses to Shorter's Motion to Hold Petition in Abeyance or his Request for Re-Sentencing Instanter, no doubt realizing, for reasons discussed below, that these motions did not warrant responses at this time.

"crack") and two counts of violations of 18 U.S.C. § 1956 (conspiracy to launder money). On April 9, 2009, Shorter's sentence was reduced to 324 months after the United States Sentencing Guidelines were amended for offenses involving crack cocaine. In his present motion for modification Shorter seeks a further reduction in his sentence and moves the Court to re-sentence him to a term of 262 months. Motion for Sentence Modification, docket at 183. The basis for Shorter's motion is the Fair Sentencing Act of 2010, which reduced the penalties applicable to crack cocaine offenses. In his motion, Shorter requested that the Court "grant him immediate relief on or about June 1, 2011 . . ." At the time his motion was filed it was widely anticipated that the United States Sentencing Commission would vote to make the so-called "crack amendment" to the Sentencing Guidelines retroactive. Shorter calculated that if he were to be re-sentenced immediately under the new (i.e., retroactive) Guidelines, he would be eligible for release from prison (either altogether or to a halfway house) by the end of November 2011. Motion to Hold Petition in Abeyance, docket at 185, p. 3. The government filed a responsive brief on May 13, 2011, pointing out that as of that date the Sentencing Commission had not voted on the issue of retroactive application of the crack amendment and so Shorter's motion was premature. Government's Response, docket at 184, p. 1. The government argued correctly that "Shorter cannot get the relief he is seeking until AFTER the Sentencing Commission makes its determination, and then, should the guideline be made retroactive, he may or may not be able to take advantage of these provisions under 18 U.S.C. § 3582(c)." *Id*. (emphasis in original). Shorter acknowledged that the government's position was well taken, which is what compelled him to file his Motion to Hold Petition in Abeyance. In that motion Shorter stated that he "agrees 100% with the government's assessment; consequently, this Court is asked to hold its

decision in abeyance pending the outcome of the United States Sentencing Commission's decision on retroactivity of the submitted provisions of the Fair Sentencing Act of 2010." Motion to Hold Petition in Abeyance, p. 1.

On June 30, 2011, the Commission did, in fact, vote (unanimously) to make the crack amendment retroactive. U.S. Sentencing Commission News Release, June 30, 2011 (*see* U.S. Sentencing Commission website, www.ussc.gov). However, the problem Shorter faces now is that the Commission specifically gave its decision an effective date of November 1, 2011. *Id*. Therefore, the retroactive application of the crack amendment is not yet effective and the Court is without the authority to reduce Shorter's sentence (or any other federal inmate's sentence) until that date.[2] Following the Commission's decision Shorter filed his "Judicial Notice and Request for Re-Sentencing Instanter." In that motion Shorter argues that this Court should re-sentence him to a reduced term of imprisonment so that he may be released from prison and begin his period of supervised release by the November date he says applies to him. Motion for Re-Sentencing Instanter, docket at 186. Shorter argues in that motion that since "Thomas Kane, Acting Director of the Federal Bureau of Prisons (FBOP) . . . is 'prepared to rapidly and accurate recalculate' petitioner's sentence and ensure that he is 'transitioned effectively back into the community' . . . that it is appropriate to resentence petitioner instanter." *Id*.[3] Shorter is correct

---

[2] Congress could vote to block the Commission's decision. Shorter argues that this won't happen and he may very well be correct. But until November 1, or until Congress takes any action regarding the decision, this Court is without authority to rule on Shorter's motion for sentence reduction.

[3] Shorter states that he is quoting from a transcript or some published report of Mr. Kane's "testimony before the Sentencing Commission[.]" Motion for Re-Sentencing Instanter, pp. 4-5.

that the BOP (and now the federal district courts) stand prepared to implement the amendments to the Sentencing Guidelines as quickly and efficiently as possible. But that does not change the fact that the Commission's retroactive application decision is not yet effective. Additionally, while Shorter argues in his impressively eloquent and thorough Motion for Sentence Modification that he is entitled to a substantial sentence reduction as a result of the Commission's decision, the government has not yet responded to the merits (or lack thereof) of Shorter's motion. For these reasons, Shorter's Motion to Hold Petition in Abeyance is moot and his Motion for Re-Sentencing Instanter must be denied.

Shorter's motion for sentence reduction remains pending, but the Court cannot rule on the motion without the benefit of a responsive brief from the government and until November 1, 2011, when the retroactive application decision becomes effective. To that end, the government is directed to file a further response to Shorter's motion for sentence reduction in which it addresses the merits of Shorter's arguments. Shorter can then file, if he deems it necessary, a supplemental reply to the government's brief. Following the completion of the briefing, the Court will rule on Shorter's motion at the appropriate time, which currently appears to be on or after November 1, 2011.

## CONCLUSION

For the reasons set forth above, the Court hereby directs the United States of America to file a supplemental response brief in this case within 30 days of the date of this Order. Shorter may, should he deem it necessary, file a supplemental reply brief within 30 days following his receipt of the government's brief. Shorter's Motion to Hold Petition in Abeyance (docket at 185) is DENIED as moot and his "Judicial Notice and Request for Re-Sentencing Instanter"

4

(docket at 186) is DENIED.

Date: July 15, 2011.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana